The question before the court this morning is whether Mr. Banks may proceed on appeal IFP. The answer to that question is emphatically yes, for two reasons. First, Mr. Banks is not a prisoner within the meaning of Section 1915G, the Three Strikes Rule. Second, Mr. Banks is not seeking to do anything that Section 1915G, the Three Strikes Rule prohibits. Section 1915G prohibits prisoners with three strikes in doing two things, bringing a civil action or appealing a judgment claim. The rule on its face has no application to persons who are not prisoners. Persons who are detained in federal custody for reasons other than pending criminal charges, such as mental health detainees, are not... I thought he was detained by a detainer order. There's a detention order after his arrest. He was detained and not released. That's correct. And he remained detained, remained subject to that order. We don't contend that the detention from August 2015 to October 2015, the bail detention, would take Mr. Banks outside the bounds of the PLOA. Yeah, but 4241 is basically a temporary assessment while he's waiting to trial to see if he can go to trial. But all along, he's still detained for committing a crime. Two responses, Your Honor. First, the detention, Mr. Banks would not be where he was today solely by virtue of having been arrested and indicted in August 2015. Mr. Banks is only at the point he was today... Well, you've left out a thing. It was a detention order. They did not release him, the issue of the detention order, after his arrest. They did initially. There was a bail was denied and there was a detention order. And that gets him to October 2015. Why does that get to there? That's no limit on that detention order. It's a detention or a pending trial. It's a normal bail denial order. Pre-trial detainees denied pursuant to a normal bail denial order would be pre-trial detainees. But that's this order. And what happened that while he's being detained, he was being assessed at Butner to see whether he could stand trial. But that was part of the pre-trial process, right? I don't think so, Your Honor. Every order from October 2015, and there are, as you've seen in the record, we have numerous orders from the Pennsylvania District Court. Every order from October 2015 onward has been quite explicit that Mr. Banks' detention in federal custody is not because of the pending criminal charges. It's because every order states the detention is pursuant to 18 section 4241. They could not. If they reversed the order under 4241, he would not be released into the population. He would still be detained pursuant to the detention order following his arrest. That would be true. But then in that situation, the government, Mr. Banks would be in an entirely different situation. The government's speedy trial clock would suddenly begin to toll, would begin to run, and the government would have to bring Mr. Banks, who's been in federal custody for almost two years, to trial within two months. And I think Your Honor's hitting on a significant tension, if not hypocrisy, in the government's reading of section 1915-H. The government's approach is a have-your-cake-and-eat-a-tooth theory. In the government's view, Mr. Banks is not a normal pre-trial detainee when it comes to the government's obligation to bring Mr. Banks to trial quickly under the Speedy Trial Act. You have two circuit court opinions out there, not ours, the Second Circuit and the Seventh Circuit, that seems to go against your argument, at least insofar as whether he's being held for criminal charges, even though we have this particular level of detention. Do you have anything that would go counter to that, other circuits or any other case law? Truth be told— Make us think our sister circuits are wrong? Candidly, Your Honor, the two circuits, the Seventh and the Second Circuit, have stated minority position here. I think it's important to note that the Seventh Circuit has recently cut back on its prior position. But those two opinions, which I concede are not distinguishable, constitute minority position. The majority of the circuits agree with this circuit's precedent from this circuit. I've disposed of the issue today, and five other circuits have agreed with the conclusion that this court has reached. The Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits all agree with this court that persons who are detained for reasons other than pending criminal charges are not prisoners within the mean— Were those pre-trial detentions where the person was held under a detention order? Those other cases? Yes. This court first considered the issue eleven years ago. I'm talking about the other circuits. I thought the other circuits involved different types of detention. The opinions, the five opinions from the five other circuits involve a variety of—some of them involve state involuntary commitment provisions, and some of them involve the federal involuntary commitment regime. No, no. I'm trying to find out what the nature of the detention was in those other cases. Was it post-trial, pre-trial, or was it a detention order? The individuals were placed into evaluation at different points in their journey into criminal justice. I understand. But, for instance, if it's under 4248, that extends beyond the criminal confinement. That can be permanent almost. Well, not in MISHA. I just wanted you to tell me, are those cases on point, or do they have different levels of detention, different circumstances of detention? Oh, well, no court has considered 4241. I think that underscores how extraordinary this case is. Can you answer my question? My question is, those cases that you cited to be in the majority, did they govern this type of detention? Yes. The circumstances. Which one? MISHA, from this case. Okay, tell me what the facts of MISHA were. In MISHA, the individual was nearing the end of a prison sentence and was set to be moved into a long-term... Well, that's not the same. That's totally different. When you finish your sentence, you're out of the criminal system, and this is for detention beyond the criminal sentence. Here, we're talking about a pre-trial detention, waiting trial. Your Honor, in MISHA, the individual had not yet finished... I understand, but you have to have the hearing so you can hold on to him at the end of the term. Well, if anything, a prisoner, an individual who's currently serving a sentence of imprisonment, who has not yet even... What other case do you have besides that one? Perkins. What are the facts there? In Perkins, the court didn't provide the facts. In Hicks, this court considered the status of an IFP applicant who was detained under section 4246. That's totally different, too. I mean, I don't know if you're getting to my question. When we're arguing law, and I'm asking you for detention circumstances where somebody is detained for committing a crime pending trial, he's a prisoner. And the question is now, does the fact that he is being assessed under 4241 take him out of that? And you said that these two cases that Judge Wynn recited were in the minority. I think they're the only cases involved in this circumstance. The individuals in all the other cases were detained pending evaluation. At the end of the sentence. Under 4248, which is a totally different problem. 4248 only pertains to sexually violent persons. I understand, but you can detain somebody in 4248 without a prison sentence. They can be at the end of their sentence and then be in hell because they're a danger to the community. I do think there's a, even the government acknowledges that the time to determine an individual's status is at the time that the initial action is filed. And I think Michaud is an important example. In Michaud, Your Honor, the individual had not completed the end of the sentence. This wasn't just a matter of being hearings underway. 4248 is to assess whether to hold him at the end of his sentence because he's a danger to society. Isn't that right? I think that's correct. Okay, thank you. And so the assessment in that was in order to detain him when he completed his sentence and not let him into the public. You can't have a hearing after you release him into the public because he may create some kind of crime again. The whole purpose of having the hearing near the end of the sentence is to have a seamless transition. But that doesn't make him a prisoner at the end of his prison sentence. I would agree with Your Honor. This court in Michaud had indicated that the individual only became a prisoner after formally entering 4246 proceedings after the sentence of imprisonment terminated. But Mr. Michaud was deemed not to be a prisoner even before the sentence of imprisonment terminated. I think that's a salient fact here. The operation of 4248 operates at the end of the sentence. They would not take him or did not take him from his prison cell to a place like Butler. They were going to take him at the end of the sentence. The hearing was for that purpose. I don't think it helps your case to try to bring that one in at all. If you have a case where there is a person being held for trial, pre-trial detention under detention order, and then has a 4241 hearing that says that he's not a prisoner at that point, that would be helpful to you. Your Honor, no court of appeals has considered the IFP status of a person detained under 4241 because it's intended to be an extremely brief, at most four-month procedure. Mr. Banks has been stuck in 4241. That's what we have here. We have that temporary procedure while he's waiting for trial. Your Honor, if I may push back a little bit, I do think Michaud is almost on point. What this Court said in Michaud is that Mr. Michaud was not a prisoner because his detention was, quote, not the result of a violation of criminal law. And the same is true here. Mr. Banks, under straightforward application of this Court's precedence in Michaud and Hicks as well as Perkins, Mr. Banks is not a prisoner under the PRA because his current detention is, quote, not the result of a violation of criminal law. Can I ask you just a procedural question? I have a concern about this, about how this prisoner issue comes before us, and I understand that you were appointed counsel recently. But the petitioner's informal brief doesn't argue that he's not a prisoner, and his IFP application before our Court expressly checks the box saying, I am a prisoner within the meaning of the PLRA. So is this issue squarely before us? Can we reach it? I believe the Court can, Your Honor. The Court ordered a briefing on the question of whether Mr. Banks may proceed on appeal IFP, and I believe the Court was able to reach that question. And he did brief one argument for why he should be able to, which was that this isn't a civil, I'm going to get it wrong, the other problem, it's not a civil action, but he never argued I'm not a prisoner. Before the district court? His notice of appeal in our court and then the actual form in our court, when you seek to proceed IFP, you have to say, am I a prisoner or not? And he checked, yes, I'm a prisoner. When Mr. Banks checked, Mr. Banks at the time was proceeding without counsel. Right, I totally understand that. And Mr. Banks is also a mental health detainee, so I think the Court should review the application. But I also don't think that that, that checking the box should be dispositive. This Court can vacate and reverse the district court on any ground supported by the Court. This is a reading from Michaud. I don't think it helps you at all. Clearly, Michaud would have qualified as a prisoner under the PLRA while he was serving the sentences on his criminal convictions. However, Michaud is presently being detained under the SEPA, which creates a system of civil, not criminal, detention. So it seems to me when that appeal got up there, they were determining his detention under 4248, which is beyond his criminal conviction. They said he was not being held while serving his prison sentence. I don't see how that helps you at all. Your Honor, it's true that Mr. Michaud was detained under South Carolina's sexually violent predator act. But Mr. Michaud had not yet finished his sentence from prison. That's when the hearing takes place. But the detention, the assessment of whether 4248 made him a prisoner, they said he's a prisoner while serving his sentence. Michaud would have qualified as a prisoner under the PLRA while he was serving his sentences on his criminal convictions. The detention following his sentence is now not a prisoner. He's now detention under the civil procedure for being a threat to society. Your Honor, if I could take us back to the text of the statute, 1915H provides the definition of a prisoner. Under 1915H, a prisoner is any person detained or incarcerated in any facility who's been accused of, accused of, sentenced for, convicted of, or adjudicated or delinquent of violations of criminal law. And I understand the textualist impulse to read the statute in its most textualist way. But even the government, all parties here, disavow the most textualist reading of the statute and acknowledge that there must be some nexus, some temporal and causation nexus requirement between the accusation and the detention. Otherwise, as the Ninth Circuit noted in the Page case, we'd end up in absurdity. It would mean that any person who's detained in a facility or who at some point has been accused of criminal law suddenly becomes a prisoner under the PLRA. That can't be right, and even the government acknowledges that's not right. That's why every court has also acknowledged that immigration detainees... Look, all you have to do to fit what you just quoted, you have to be arrested and detained for committing a crime, or you have to be serving a sentence for committing a crime. And in both cases, you're a prisoner. If you're being detained outside of that context because of your dangerousness, then you're simply being detained because it's no longer because you committed the crime. Your Honor, I'm not going to answer or say my... Answer your question. Your Honor, those same considerations apply to immigration detainees. These are all individuals, as the Fifth Circuit said in OVO, these are all individuals who, in some sense, are detained in a facility and who are accused of criminal law. But because there's not a nexus requirement, because there's no nexus between the detention and the accusation, every court has felt that immigration detainees are not prisoners. And I'm happy to address your question, Your Honor. Thank you. Mr. Hummel-Farber. May it please the Court, Edward Hummel-Farber, the Department of Justice, representing the federal appellees. The issue here is not whether Mr. Banks can appeal at all, but rather whether he has to prepay the filing fee under the DLRA. The DLRA has no effect on his criminal proceedings. He can file what he wants to in the criminal proceedings without reference to the DLRA. So is he a prisoner?  It follows directly from the text of the statute. And are the two cases that I alluded to from the Second and the Seventh Circuit, are they more analogous or on point with what we have here, or are they part of a minority view? No, actually all those cases are consistent in our view. The cases basically say, the statute says that you're a prisoner if you're detained pending trial or if you're serving a sentence. And what those cases all together say is, if you're past the end of your sentence and you're civilly committed under one of the statutes, Michelle has to do with South Carolina State, equivalent to the federal statute, if you're detained civilly after the end of your sentence, those cases say you're not a prisoner for DLRA purposes. You're not a prisoner if you're not detained pending trial or serving a sentence. I think all those cases fit together fairly nicely, and they all support the statutory language, which as I said, you're detained in any facility. You're accused of violations of criminal law, which is exactly what's happening with Mr. Banks here. He was under indictment, and he's being detained pending trial. Section 4241, does it terminate or does it suspend the charges, or some other effect in terms of the criminal charges? It doesn't do anything, Your Honor. It allows the court to order assessment of whether the detainee is competent to stand trial, mentally competent to stand trial on the pending criminal charges. And that's what's going on here. Does it make any difference, counsel, to you, is it in October 2016, that the district court makes the final determination that he is not competent to stand trial and commits him under 4241D? Is that relevant? Had he filed his action after that, would we still say he was a prisoner? Well, I think the issue of whether he's competent or not is still pending because on April 28th this year, just a little over a week ago, there was another competency hearing, and no decision has been made. My understanding is the parties had 14 days after that to file pleadings in response to the hearing. But he is still being adjudicated to determine whether he's competent to stand trial. I mean, I totally understand this is not your case, but it seems to me there might be a difference between the long period where he's being held under 4241A for an evaluation and then ultimately, not your case because this is after he files, but ultimately there is a final decision that he can be detained now because he is not competent under 4241D. But you think that it's all the same thing? I think that's the same thing because the language of the statute says that there is a – well, effectively, there's an indictment. He's still charged with the crime, and he's being detained because he's not competent to stand trial. But the language used in the statute is in the present tense. Can I just one other question? You don't go back. This is why it's not a problem to say, you know, 20 years go by and somehow the district court hasn't dismissed the charges. Or I'm not sure what the other examples are, that there's a concern that Mr. Bernstein has that this could go on indefinitely. There has to be a current charge, and that's the key under the statute. The statute uses the present tense, and there has to be a current criminal charge. One test in response to Judge Harris's hypothetical might be is that under D, that's sort of an indefinite, and if he comes into competency and can handle a defense, participate in his defense, he would not be released into the public. He would then be brought to trial. That's my understanding of the way the process would work, and that's why he remains a prisoner during the period in which he's civilly committed, pending trial. But just to carry that question further, though, there might be a point where he's being detained so long because of his civil incompetence that you might say that dominates the circumstance, and that even though he's still under detention for standing trial, it may start to blur that issue. Well, Your Honor, yeah, that may possibly be the case. But remember, the big problem here for a prisoner like that is dealing with his criminal process. Any filings he makes in the criminal process are not covered by the PLRA. So he's not burdened by the PLRA when he files a criminal case. He's not burdened by the PLRA when he files a habeas petition. The only thing the PLRA stops him from doing is filing a civil action without prepayment of the fees. So if he's not filing a civil action, the PLRA is really not even relevant here. So just before we move off the prisoner thing, so are you comfortable you don't think that issue is waived or sort of conceding we can reach the prisoner issue? Well, you know, the court asked us to brief this, and we're briefing it, and if it's waived, it's waived, but we're not arguing it's waived here. I just want to say briefly about why this is a civil action. This is a petition in the nature of mandamus under 1361. It's an action in the nature of mandamus that, strictly speaking, the mandamus action against executive officials doesn't exist anymore under Rule 81B of the Federal Rules of Civil Procedure. And that rule says that in order to get comparable relief to what was under the original mandamus petition, you would file an action or a proceeding in district court. And you go back to Rule 2 of the Civil Procedure Rules. What that says is that there's one form of action, civil action. So we're really talking about a case you would bring in district court, just like any other district court case. It's a civil action. This is not like a 1651 mandamus petition filed in the Court of Appeals, which in this, Mr. Banks. Don't you think the more important question might be what the nature of his mandamus action is? In other words, had he filed a mandamus action that says, please release me, directing the various officials to release me, that would be different from this one, where he's suing other officials, telling them to bring criminal actions against various people, telling the U.S. attorney to bring criminal actions. Well, that's right. That kind of action you're hypothesizing is exactly the kind of thing you would bring under 1651 in the Court of Appeals. I understand. But if he's an article and he brings a 1361 action and says, I'm seeking a mandamus against the district judge and against the U.S. attorney, and I want a mandamus order directing them to release me. Well, that would not be a 1361 petition. It may not be, but that's the way he filed it. In other words, he went in original action. He says, I have 1361. So it seems to me mandamus can be linked to habeas or criminal or it can be linked to civil. And this is more in the nature of a Bivens type or 1983 type, suing third parties, telling them they should be doing their duties in bringing charges against various people. I think that's right, Your Honor. The problem for him would be if he did that, it would be filed in the wrong court. It would be characterized as the wrong kind of petition. What you're describing, Your Honor, is the kind of petition you file in the Court of Appeals that has jurisdiction over the district court that has your criminal case before it. And that's what he did in the Third Circuit. He filed a Third Circuit mandamus petition under 1651 in which he said that the judge and the prosecution were purposely delaying his trial. And to allow me to quote the conclusion of his petition, Judge Hornak should be ordered to conduct the trial forthwith and petitioner should be discharged from custody. That's exactly, I think. That's habeas, yeah. Yeah. Well, it's a combination of mandamus and habeas. Well, it's in the nature. A mandamus is just simply saying it's a command issued to a person to do his duty. To the district judge. Yeah, but if it's in a criminal context, it's going to be different than if it's in a civil context. Well, that's correct. That's correct, too. But, again, the distinction is between 1651, in which case you're directing your request to the district judge, and 1361, which is directed to executive officials. Those are two different kinds of petitions. And what he did here, he's directing it to executive officials. He wants the U.S. attorney for the Eastern District of North Carolina to be directed to convene a grand jury to try to indict various officials. In the 1651 petition, which is what Mr. Bernstein is describing, you file in the Court of Appeals as jurisdiction over the district court, and you ask for the judge to be directed to do something. Here, the judge is not being asked to do something. The judge is being accused of a crime. It's a totally different petition here. Okay. Okay. If there are no further questions, thank you. Thank you, Mr. McFarland. Mr. Bernstein. Your Honor, I do want to take care of the government's position to the logical end of the argument. The government is arguing that so long as Mr. Banks remains in 4241 detention, whether it be for another three months, another three years, he cannot challenge the legality of that confinement as a pauper under the Federal Pauper Statute. I don't think Mr. Banks' ability to… There's a whole process built into the statute for challenging that. I think the government's position, if I understand it correctly, is that the underlying detention is pursuant to an arrest and detention order, and he's a prisoner at that point, that the assessment while he is being detained to determine whether he can stand trial, even though it may be prolonged under that 4241, it still doesn't change the fact that he was a prisoner and the whole purpose is to determine whether he can stand trial, whereas the 42, as you know, 4248, acts independently of that. Mr. Banks was a prisoner for two months before the district court issued an order that said you are being detained to federal custody pursuant to 18 U.S.C. 4241, and the district court, the Pennsylvania district court, issued numerous subsequent orders that said your detention is not pursuant to criminal charges, your detention is pursuant… His relief in Pennsylvania was to get released from prison. That's correct, but the current detention, as the court has repeatedly stated quite clearly, the authority detention derives from section 4241. I thought as late as April, the district court said the reason I'm holding you is because you're a flight risk and a danger to the community. That's not in the April 2016 order? The district court may have said that. As soon as October 2015, the way 4241 works is it contemplates three events, a motion to determine competency, a hearing on that motion, and a decision. In every other case that can be found in any federal court, this entire 4241 process completes within a matter of two, three months. I guess what I'm asking is, there's some question, right, whether we need to be in the weeds on the facts of this case at all. But if we do, at least my take on the record is that all along, the district court is saying both things. I want a mental competency examination under 4241A, but in the meantime, I'm holding you under just the standard pretrial detention factors because, and I do think he says this in April 2016, you're a danger to the community and you're a flight risk. So I think even if we are supposed to be in the weeds on this, I'm not sure that helps you. The district court may have said that the government in this case never argued that Mr. Banks was a danger to the community, and every government official to evaluate Mr. Banks determined that he wasn't. If Your Honor looks at the October 2015 order... What's the difference of that if the court issued a detention order based on flight risk? In order to be bumped up into 4246... No, that wasn't in that proceeding. The idea is why is he being detained? He's being committed to an assessment as a prisoner, but the reason he's being held as a prisoner and not released on bond is because he was a flight risk. Respectfully, Your Honor, I think that that may be a bit circular. In October 2015, he gets moved into 4241 proceedings to evaluate his mental... Why moved? He's not moved. He's assessed while he's a prisoner. He had a detention order under what's the section? 3142, right? Your Honor, he can't be a prisoner beginning October 2015. If he were a prisoner over the last two years, a speedy trial clock wouldn't run, and the government would have been obligated to treat him like a prisoner. Nobody's raised the Speedy Trial Act issue. There's probably an exception for somebody who can't stand trial. But we haven't assessed that, and that has not been briefed. The speedy trial... This case does not reach the merits, but the speedy trial clock gets told pending evaluations, and the way the speedy trial apparatus is created is that an individual ceases to be a normal prisoner when that person enters mental health... Where do you get that he ceases to be a prisoner? The speedy trial act itself. It just says it suspends the speedy trial right. It doesn't say he doesn't become a prisoner. Well, he's not a normal pretrial detainee. He's a prisoner with a longer speedy trial clock. There's no speedy trial clock at all. There is a speedy trial. It's suspended. The constitutional clock, Your Honor, is not suspended. Even if the speedy trial act is suspended... Look, speedy trial act is an aspect of how you bring a prisoner to trial, but that has not been briefed in this case, and that doesn't shed light on this at all. But there's an independent constitutional speedy trial right. I understand that. I understand there's a statutory... It seems to me that you're going to run the clock on somebody who's being assessed for mental health. Mr. Banks has been held in feral commitment for two years pursuant, Your Honor, beginning of the order of October 2015, and every subsequent order beginning of October 15, the district court says, this detention, you're committed to the civil custody of the attorney general for mental health treatment and evaluation. Mr. Banks, if this were solely a case about a prisoner facing pending criminal charges, Mr. Banks would not be where he is today. He only gets where he is today because of all these detention orders. The relief that Mr. Banks seeks before court... That's because the attorney general is not entitled to release him when the court orders him arrested and detained without bail. And so the question is now, how do you get him out of the prison into a facility like Butner to assess his mental health? And the court has to commit him to that location for that purpose. Your Honor, should I answer your question? Sure. The Supreme Court has said in the Jackson case in 1972 that detention under the involuntary commitment provisions are intended to be brief. When the government cannot determine an individual's mental health status, the government is constitutionally obligated to release that individual or to bring that individual to trial. But nobody's complained about that in this case. There's a whole process under 4241 to have the hearings, conduct the hearings, have assessments, take evidence, and the court's in the middle of that process right now. There's no argument that that is unduly delayed. It's in the middle of the process. While Mr. Banks is a 4241 detainee, the relief that Mr. Banks seeks is meaningful relief. And because he's not a prisoner, he's not subject to 1915 G, I ask the court to grant Mr. Banks the proper application, vacate the judgment below, and remand for further proceedings. Thank you. All right. We'll come down and greet counsel and proceed on to the next case. Mr. Bernstein, I notice you were court appointed for this purpose, and I want to recognize your service to the court. This is an important service. Thank you.
judges: Paul V. Niemeyer, James A. Wynn Jr., Pamela A. Harris